UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
WINDWARD BORA LLC,                             Case No.: 21-cv-03308

                     Plaintiff,

       -against -

Howard Ingber AKA Howard R. Ingber; et. al.

                    Defendants.

------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF ORDER TO SHOW CAUSE**
**<u>REGARDING COMPLETE DIVERSITY</u>**

                                                                       **HASBANI & LIGHT, P.C.**
                                                                       Danielle P. Light, Esq.
                                                                       450 Seventh Avenue, Ste 1408
                                                                       New York, New York 10123
                                                                       (212) 643-6677
                                                                       dlight@hasbanilight.com
                                                                       *Counsel for Plaintiff, Windward Bora LLC*

**TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................................................. 1

II. STATEMENT OF FACTS .................................................................................................... 1

III. LEGAL STANDARD FOR SUMMARY JUDGMENT ........**Error! Bookmark not defined.**

IV. ARGUMENT ......................................................................................................................... 2

   A.    FOR THE PURPOSES OF DIVERSITY, MIDLAND IS A CITIZEN OF CALIFORNIA ................................................................................................................. 2

V. CONCLUSION ...................................................................................................................... 6

## **TABLE OF AUTHORITIES**

**Cases**

*Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001) .......................................... 2

*Hertz Corp. v. Friend* ................................................................................................................ 3, 5

*LCM XXII Ltd. v. Serta Simmons Bedding LLC*,
 20 Civ 5090 2021 WL 918705 (S.D.N.Y Mar 10, 2021) ....................................................... 3, 5

*Lesser v. U.S Bank Nat. Ass'n*,
09-cv-2362  2012 WL 6738402 (E.D.N.Y Dec. 29, 2012) ......................................................... 4

*Penguin Books U.S.A., Inc. v. New Christian Church of Full Endeavor, Ltd.*,
262 F.Supp.2d 251 (S.D.N.Y.2003) ............................................................................................ 4

*U. S Liab. Ins. Co. v. M Remodeling Corp.*,
444 F. Supp. 3d 408 (E.D.N.Y 2020) ...................................................................................... 4, 5

*Universal Licensing Corp. v. Paola del Lungo S.p.A.*,
293 F.3d 579, 581 (2d Cir. 2002) ................................................................................................ 3

**Statutes**

28 U.S.C. § 1332(a)(1) ............................................................................................................... 2, 3

28 U.S.C. § 1332(c)(1) .................................................................................................................. 3

Fed R. Civ. P. 7.1 ...................................................................................................................... 4, 5

Fed R. Civ. P. 801(a) ..................................................................................................................... 4

Fed R. Civ. P. 801(d)(2)(C) ....................................................................................................... 4, 6

Fed R. Civ. P. 801(d)(2)(D) ....................................................................................................... 4, 5

Securities Exchange Act of 1934 .................................................................................................. 6

I. **INTRODUCTION**

This action seeks to foreclose on the mortgage encumbering the real property known as 13 Peri Lane Valley Stream, NY 11581 and identified on the Nassau County Tax Map as Section: 39 Block: 4 Lot: 21 (the "Property"). The Defendant Midland Funding LLC d.b.a. Midland Funding of Delaware LLC("Midland") was named as a defendant based on its nominal interest in the Property. Specifically, Midland is a judgment creditor in the amount of $884.42. For the reasons set forth below, Plaintiff has demonstrated that Midland is a citizen of California, since it is a wholly owned subsidiary of Encore Capital Group Inc., ("Encore"). Therefore, Plaintiff has proven complete diversity.

II. **STATEMENT OF FACTS**

On or about January 26, 2007, as evidence of a loan in the amount of $ 69,000.00 (the "Loan"), Hope W. Ingber ("Hope") and Howard Ingber ("Howard") (collectively as "Borrowers") executed and delivered to IndyMac Bank F.S.B., A Federally Chartered Savings Bank ("IndyMac") a Home Equity Line of Credit Agreement dated January 26, 2007 (the "HELOC"). *See* ECF Dckt # 1 **Exhibit B**. Pursuant to the terms of the HELOC, Borrowers promised to pay IndyMac, or the subsequent holder of the HELOC the principal sum of $69,000.00 ("Lender"). *See id.*

To collaterally secure the aforesaid Loan, Borrowers, on the same day, duly executed, acknowledged and delivered a mortgage to IndyMac (the "Mortgage"). *See See* ECF Dckt # 1 **Exhibit C**. The Mortgage encumbers the Property. *See id.*

On or about November 8, 2011, the Borrowers obligations under the HELOC and Mortgage was modified by way of a Home Affordable Modification Agreement ("HAMA"). *See* ECF Dckt # 1 **Exhibit D**.

1

On January 11, 2012, Midland obtained a judgment in the amount of $884.42 against Borrowers. The judgment is a lien on the Property. *See* Light Decl. **Exhibit A**.

Windward Bora, a citizen of Florida is the current owner of the Note by virtue of its physical possession of the wet ink Note and based on an assignment of the Mortgage to it. *See* Devico Aff. Borrowers defaulted under the terms of the Note and Mortgage for the payment due on February 1, 2012 and on June 12, 2021, Plaintiff commenced the instant foreclosure action by filing the Complaint in the United States District Court for the Eastern District of New York. *See* Light Decl. **Exhibit B**.

Midland was named as Defendant based on its status as a judgment creditor and holder of a subordinate lien on the Property. *See Id*. On June 14, 2021, this Court issued an order to show cause questioning the diversity of the parties in this action. As will be demonstrated below, there is complete diversity between the parties; therefore, this Court has subject matter jurisdiction over the within action.

### III. ARGUMENT

#### A. FOR THE PURPOSES OF DIVERSITY, MIDLAND IS A CITIZEN OF CALIFORNIA

Midland is a citizen of California because the documentary evidence establishes that Midland is a citizen of California.

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a)(1). Thus, "diversity jurisdiction is available only when all adverse parties to a litigation are completely diverse in their citizenships." *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001). When an action is "premised on

diversity of citizenship, diversity must exist at the time the action is commenced." *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002). Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." In *Hertz Corp. v. Friend*, the Supreme Court held that the phrase "principal place of business" means:

the place where a corporation's officers direct, control, and coordinate the corporation's activities.... And in practice, it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.,* the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

*559 U.S. 77, 92–93 (2010). See also LCM XXII Ltd. v. Serta Simmons Bedding LLC* 20 Civ 5090 2021 WL 918705 (S.D.N.Y Mar 10, 2021).

   Here, Plaintiff is a citizen of Florida and proves the citizenship of Midland as a Limited Liability Company is of California. By providing the civil disclosure statement Midland submitted in the United States District Court of Kentucky, pursuant to Fed R. Civ. P. 7.1 (the "Statement"), and the Security and Exchange Commission("SEC") 8k form submitted by Encore Capital Group Inc, Midland's parent company, it's clear that Midland is a citizen of California. *See* Light Decl. **Exhibit C** and **Exhibit D.** In the Statement, Midland discloses that it is a wholly owned subsidiary of Encore Capital Group Inc., a publicly held company ("Encore"). *See* Light Decl. **Exhibit C**. The Statement can be admitted as substantive evidence to prove Midland's Member, because 1) it qualifies as a statement under *See* Fed R. Civ. P. 801(a) and 2) the statement is not hearsay pursuant to Fed R. Civ. P. 801(d)(2)(C) and Fed R. Civ. P. 801(d)(2)(D)

   Pursuant to Fed R. Civ. P. 801(a), a statement can be written or oral. Further, the

3

Statement is not hearsay because the Statement was made by an authorized party of Midland, within the scope of the agency relationship. *See* Fed R. Civ. P. 801(d)(2)(C) and Fed R. Civ. P. 801(d)(2)(D); *see also Lesser v. U.S Bank Nat. Ass'n* 09-cv-2362 2012 WL 6738402 (E.D.N.Y Dec. 29, 2012); *see also Penguin Books U.S.A., Inc. v. New Christian Church of Full Endeavor, Ltd.,* 262 F.Supp.2d 251 (S.D.N.Y.2003). Under, Fed R. Civ. P. 801(d)(2)(C) statement made by a person with authority on a particular subject that they are authorized to speak on is not hearsay. Similarly, under Fed R. Civ. P. 801(d)(2)(D), a statement made by an agent within the agency relationship is not hearsay. With respect to the Statement, the conditions required by Fed R. Civ. P. 801(d)(2)(C) and Fed R. Civ. P. 801(d)(2)(D) are met. Here the Statement was drafted and submitted to the United States District Court for the Eastern District of Kentucky, regarding a matter entitled *Pearl v. Midland Funding LLC*, case number 5:12-cv-341.*See* Light Decl. **Exhibit C**. The statement was made by lead attorney Bobby R. Miller, Esq., for Midland. *See id.* Mr. Miller as an attorney admitted to practice in the Federal Court of Kentucky had authority to speak on behalf of Midland and make the necessary disclosures required by Fed R. Civ. P. 7.1 using his expertise and legal knowledge. Therefore, the Statement and its contents is not hearsay pursuant to Fed R. Civ. P. 801(d)(2)(C) and Fed R. Civ. P. 801(d)(2)(D). Accordingly, Plaintiff can use the Statement and its contents to prove that Midland is an indirect subsidiary of Encore Capital Group, Inc.

With respect to the 8k form submitted by Encore to the SEC on June 14, 2021(the "Form"), this statement is not hearsay pursuant to 801(d)(2)(C), and its contents can be used to prove that Encore is a citizen of California.

This court has held that for the purposes of diversity an LLC takes the citizenship of its members. *U.S Liab. Ins. Co. v. M Remodeling Corp.*, 444 F. Supp. 3d 408 (E.D.N.Y 2020). For

diversity purposes, the corporation is a citizen of the state of incorporation and the "principal place of business" *See also LCM XXII Ltd. supra. See also Hertz Supra.* Principal place of business is the place where a corporation's officers direct, control, and coordinate the corporation's activities.... And in practice, it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.,* the "nerve center," and not simply an office where the corporation holds its board meetings. *See id.*

Here, Plaintiff provides the Form which is a form that may be used by corporation to comply with certain requirements mandated by the SEC. *See* Securities Exchange Act of 1934 §§ 13 and 15(d). Encore Submitted the Form on June 14, 2021, presumably to comply with the above. The Form was prepared by Gregory Call, Executive Vice President, General Counsel and Chief Administrative Officer and Secretary. Mr. Call further is described as duly authorized representative. *See* Light Decl. **Exhibit C.** Mr. Call lists the principal executive office of Encore as 350 Camino de la Reina Suite 100 San Diego, California 92108. Like the Statement, the Form is not hearsay. It is a written document which is a statement pursuant to Fed R. Civ. P. 801(d) and because Mr. Call is an executive employed by Encore and is authorized to make the disclosures on behalf of Encore, the Form and its contents are admissible to prove Midland's citizenship. *See* Fed R. Civ. P. 801(d)(2)(C). Specifically, an LLC's citizenship for the purpose diversity is the citizenship of its members. *See U.S Liab. Ins., Co Supra.* Because Midland is a wholly owned subsidiary of Encore, its sole member is Encore and Midland takes the Citizenship of Encore. Based on the Form Encore appears to be a citizen of California based on the principal address listed on the Form. Accordingly, Plaintiff has proved through documentary evidence that Midland is a citizen of California.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff has demonstrated that Midland is a citizen of California, based on the fact that it is a wholly owned subsidiary of Encore Capital Group Inc., ("Encore"). Accordingly, Plaintiff has properly demonstrated complete diversity.

Dated: June 18, 2021　　　　　　　　　　　　　**HASBANI & LIGHT, P.C.**
　　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Danielle P. Light*
　　　　　　　　　　　　　　　　　　　　　　　　　　Danielle P. Light, Esq.
　　　　　　　　　　　　　　　　　　　　　　　　　　450 Seventh Avenue, Ste 1408
　　　　　　　　　　　　　　　　　　　　　　　　　　New York, New York 10123
　　　　　　　　　　　　　　　　　　　　　　　　　　(212) 643-6677
　　　　　　　　　　　　　　　　　　　　　　　　　　dlight@hasbanilight.com
　　　　　　　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff, Windward Bora LLC.*