UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WINDWARD BORA LLC,

                           Plaintiff,                                **REPORT AND RECOMMENDATION**

                   -against-                                   CV 21-3308 (KAM) (ARL)

HOWARD INGBER AKA HOWARD R. INGBER;
HOPE INGBER AKA HOPE W. INGBER;
MIDLAND FUNDING LLC D/B/A MIDLAND
FUNDING OF DELAWARE LLC; "JOHN DOE"
and "JANE DOE," the last two names being
fictitious, said parties intended being tenants or
occupants, if any, having or claiming an interest in,
or lien upon, the premises described in the
complaint,

                           Defendants.
------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      This matter has been referred to the undersigned by District Judge Matsumoto for the purpose of issuing a report and recommendation with regard to the motion of the plaintiff, Windward Bora LLC ("Windward"), for a default judgment of foreclosure and sale. For the reasons set forth below, the undersigned respectfully recommends that Windward's motion be denied with leave to renew.

### BACKGROUND

**A.    Factual Background**

      The following facts are taken from the complaint and the papers submitted in support of the motion for a default judgment. On January 26, 2007, Howard and Hope Ingber ("the Ingbers") executed and delivered a Home Equity Line of Credit Agreement ("HELOC") to IndyMac Bank F.S.B. as evidence of a loan in the amount of $69,000.00 (also referred to in the papers as the "Note"). Compl. ¶ 10. In order to collaterally secure the loan, the Ingbers also

executed and delivered a mortgage to IndyMac (the "Mortgage") recorded in the Nassau County Clerk's Office at Liber 31610, Page 766. *Id.* ¶ 11, Ex. C; *see also* Devico Aff. Ex. B. The Mortgage encumbers property commonly known as 13 Peri Lane, Valley Stream, NY 11581 (the "Premises"). Compl. ¶ 1. On November 8, 2011, the Ingbers' obligations under the HELOC and Mortgage were modified by way of a Home Affordable Modification Agreement ("HAMA"). *Id.* Ex. D. On or around February 5, 2021, after several assignments to other lenders, the credit line was assigned to Windward by the affixation of a proper allonge. *Id.* Ex. B. The Mortgage was also assigned to Windward and was sent for recording at the Nassau County Clerk's Office. *Id.*

By the time the credit line and Mortgage were transferred and assigned to Windward, the Ingbers had already defaulted on the loan. Specifically, the Ingbers failed to make a payment due on June 1, 2015, and then failed to make subsequent payments. Devico Aff. ¶ 9. On February 16, 2021, pursuant to the contractual provisions in the Note and Mortgage, counsel for Windward mailed the Ingbers a 30-Day Notice, which indicated that the total arrears as of that date was $12,696.28, and that failure to correct the default by March 16, 2021 could result in acceleration of their loan in which case the total amount of the debt due and owing would be $72,920.97 ($68,917.13 in principle and $4,002.94 in unpaid accrued interest). Compl. Ex. E. On the same day, Windward's counsel mailed the Ingbers a 90-day notice to cure pursuant to RPAPL ¶ 1304, advising of possible legal action if the default under the Note and Mortgage together was not cured. *Id.* Ex. F. Despite being served with the notices, the Ingbers remained in default. Devico Aff. ¶ 10, Ex. E.

  B.  **Procedural Background**

Windward commenced this action on June 11, 2021, pursuant to New York Real Property Actions and Proceedings Law ("RPAPL"), §§ 1301 *et seq.*, seeking to foreclose on the Mortgage. According to one affidavit of service filed by the plaintiff, on July 16, 2021, service on Howard Ingber was attempted at the Premises but the house was vacant and a former neighbor indicated that the Ingbers were divorced. ECF No. 13. According to the second affidavit of service filed by the plaintiff, on July 21, 2021, Howard Ingber was, however, served with a copy of the Summons and Complaint, Civil Cover Sheet, RPAPL 1320 Notice, RPAPL 1303 Notice, Notice to Mortgagor and Mortgagor's Declaration of Covid-19 Related Hardship by service on Mrs. Ingber (name refused), at 12 Keri Lane, Spring Valley, New York. *Id.* Mrs. Ingber is identified as Howard Ingber's wife. *Id.* Service on Hope Ingber was also initially attempted on July 16, 2021 at the Premises. ECF No. 14. Four days later, Hope Ingber was personally served with the Summons and Complaint, Civil Cover Sheet, RPAPL 1320 Notice, RPAPL 1303 Notice, Notice to Mortgagor and Mortgagor's Declaration of Covid-19 Related Hardship on July 20, 2021 at 60 Westwood Drive, Apartment 62, Westbury, New York. *Id.*

The Ingbers failed to answer and, on August 30, 2021, the Clerk of the Court entered a certificate of default against the Ingbers and Midland Funding LLC, who was named as a necessary party defendant because it is a judgment creditor by virtue of a Nassau County Court Judgment docketed on October 28, 2011, in the amount of $884.42, against Howard Ingber. ECF No. 10. On February 28, 2022, Windward filed the instant motion for a default judgment of foreclosure and sale. ECF No. 10. That motion was referred to the undersigned on April 4, 2022.

## DISCUSSION

A.  **Legal Standard Governing Default Judgments**

3

Federal Rule of Civil Procedure 55 establishes a two-step process regarding default judgments.  First, the Clerk of the Court enters the party's default.  Then, as here, a motion for a default judgment is made to the district court judge.  A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages.  *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see also Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.*, No. 06-CV-1878, 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) ("[A]ll well-pleaded factual allegations in the plaintiff's complaint pertaining to liability are deemed true").  However, even if a plaintiff's claims are deemed admitted, a plaintiff must still demonstrate that the allegations set forth in the complaint state valid claims.  *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (suggesting that "a district court is 'required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law'" prior to entering default judgment) (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)) (alterations omitted).  A default also "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v. Lokshin*, 980 F. Supp. 107, 111 (E.D.N.Y. 1997).  The movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound*, 973 F.2d at 159.

### B.     New York Civil Practice Law and Rules ("CPLR") 3012-b

Before the Court can address the substance of the underlying claims it must first address Windward's failure to file a Certificate of Merit.  Pursuant to CPLR 3012-b, in any residential foreclosure action involving a home loan in which the defendant is a resident of the property

4

which is subject to foreclosure, the complaint shall be accompanied by a certificate, signed by counsel, that certifies that counsel has reviewed the facts of the case and, based on consultation with representatives of plaintiff and counsel's review of mortgage documents, that "to the best of such attorney's knowledge, information and belief there is a reasonable basis for the commencement of such action and that the plaintiff is currently the creditor entitled to enforce rights under" the mortgage, note and such documents.  *See* N.Y. C.P.L.R. 3012-b (McKinney); *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 79 (2d Cir. 2018) ("New York law requires foreclosure plaintiffs to file two additional documents at the onset of a foreclosure proceeding.  First, such a plaintiff must attach to the complaint a 'Certificate of Merit.'").  "The enactment of CPLR 3012–b has a somewhat unique history, and . . . courts have had only limited occasions to address its meaning and mechanics." *Wilmington Sav. Fund Soc'y, FSB v. Matamoro,* 200 A.D.3d 79, 84, 156 N.Y.S.3d 323, 329 (2021).  However, it is well-settled that the Certificate of Merit serves a ministerial and ethical purpose of requiring counsel to take good faith steps to assure that the action has merit.  *Id.*

If not already attached to the complaint, the plaintiff's attorney must also attach to the Certificate of Merit, copies of the relevant instruments of indebtedness and any instruments of modification, extension, consolidation and assignment.  N.Y. C.P.L.R. 3012-b (McKinney) (Practice Commentaries 2013).  If a plaintiff "willfully fails to provide copies of the papers and documents as required by subdivision (a) [of CPLR 3012-b]" the trial court "may dismiss the complaint or make such final or conditional order with regard to such failure as is just. . .." N.Y. CPLR 3012-b(e); *see also Bank of New York Mellon v. Silverberg*, 201 A.D.3d 695, 697, 156 N.Y.S.3d 874, 875 (2022) (holding no willful violation of CPLR 3012–b where plaintiff had

filed a certificate of merit along with a note, consolidation and modification agreement but had failed to annex certain underlying promissory notes and assignments).

Although, here, Windward did attach the relevant instruments of indebtedness to the complaint, there is no indication that an attorney reviewed the facts of the case or that, based on consultation with representatives of Windward, an attorney determined that there is a reasonable basis for the commencement of this action. Moreover, despite the comment of the neighbor that the house was vacant, it is also alleged in the complaint that both Howard and Hope Ingber have an address of 13 Peri Lane, Valley Stream, NY 11581. Compl. ¶¶ 3, 4. In fact, Windward mailed the RPAPL 1304 notice to the Ingbers at 13 Peri Lane, Valley Stream, New York. and Yonel Devico, Windward's sole member, avers that neither Windward, nor its predecessor in interest received notification from the borrowers requesting notification at a different address.[1] Devico Aff. ¶ 11. Accordingly, the undersigned recommends that the motion for a default judgment be denied with leave to renew upon the filing and service of the Certificate of Merit or further briefing as to why Windward is excused from complying with the statute.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically filed on the date below. Counsel for plaintiff shall serve a copy of this Report and Recommendation on the defendants upon receipt and shall file proof of service with the Court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72;

---

[1] The Court notes that Devico's affidavit may be inconsistent with the affidavit of service filed in connection with service on Howard Ingber.

*Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).


Dated:  Central Islip, New York
       April 28, 2022

                                                                           _____/s/_____
                                                                          ARLENE R. LINDSAY
                                                                          United States Magistrate Judge