```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
WINDWARD BORA LLC,

                          Plaintiff,           MEMORANDUM AND ORDER
                                               21-cv-3308 (KAM)(ARL)
     -against-


HOWARD INGBER AKA HOWARD R. INGBER;
HOPE INGBER AKA HOPE W. INGBER; MIDLAND
FUNDING LLC D/B/A MIDLAND FUNDING OF
DELAWARE LLC; "JOHN DOE" and "JANE
DOE,"

                          Defendants.
----------------------------------------X
```

**MATSUMOTO, United States District Judge**:

On June 11, 2021, Plaintiff Windward Bora LLC ("Plaintiff") brought the instant action against Defendants Hope Ingber ("Hope"), Howard Ingber ("Howard"), nominal lien holder Midland Funding LLC D/B/A/ Midland Funding of Delaware LLC ("Midland") and unnamed Defendants John Doe and Jane Doe, which represent any tenants or occupants having or claiming an interest in or lien upon the premises located at 13 Peri Lane, Valley Stream, New York 11581 (the "Subject Property")[1]. (ECF No. 1, "Compl.") Plaintiff seeks foreclosure of the mortgage encumbering the Subject Property pursuant to New York Real Property Actions and Proceedings Law ("RPAPL"), §§ 1301 *et seq*.

---

[1] The Subject Property is also identified on the Nassau County Tax Map as Section: 0039, Block:00400-00, Lot: 21.  (ECF No. 1-1, Compl. Ex. A, Legal Description of the Subject Property.)

1

On September 21, 2022, Plaintiff filed the instant motion for default judgment pursuant to Fed. R. Civ. P. 55. (ECF No. 30, the "Instant Motion.")  Plaintiff previously filed a motion for default judgement on February 18, 2022.  (ECF No. 22, the "Original Motion.")  The Original Motion was referred, by order dated April 4, 2022, to Magistrate Judge Arlene R. Lindsay for a Report and Recommendation, pursuant to 28 U.S.C. § 636(b).  On April 28, 2022, Magistrate Judge Lindsay issued a report and recommendation (ECF No. 24, the "R&R"), to which no party objected, recommending that the Original Motion be denied with leave to renew upon submission of a certificate of merit, pursuant to C.P.L.R. § 3012-b.  On June 21, 2022, the Court adopted the R&R and denied the Original Motion with leave to renew.  Plaintiff subsequently filed the Instant Motion with the proper certificate of merit on September 21, 2022.

Having remedied its original failure to file the required documents and having met all other requirements under the RPAPL and Fed. Civ. R. 55, including by serving Defendants with its renewed motion for default judgment, Plaintiff's Instant Motion for default judgment is GRANTED in part and DENIED in part.

## BACKGROUND

The Court assumes the parties' familiarity with the extensive facts thoroughly recounted in the R&R and adopts the facts stated therein.  See (R&R at 1 – 3.)

2

**STANDARD OF REVIEW**

I. **Fed. R. Civ. P. 55 Default Judgment**

Motions for default judgment are governed by Federal Rule of Civil Procedure 55, which dictates a two-step process. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, a plaintiff may then move for entry of a default judgment against a defendant. Fed. R. Civ. P. 55(b). The Court may enter default judgment if the defendant fails to appear or otherwise move to set aside the default under Fed. R. Civ. P. 55(c).

Once the certificate of default is entered pursuant to Fed. R. Civ. P. 55(a), the court "is required to accept all of the [plaintiff's] factual allegations as true and draw all reasonable inferences in [plaintiff's] favor." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)).

Nevertheless, the Court retains "discretion under Rule 55(b)(2) once a default is determined to require proof of necessary facts and need not agree that the alleged facts constitute a valid cause of action." *Au Bon Pain*, 653 F.2d at 65; *see also Allstate Ins. Co. v. Howell*, No. 09-cv-4660, 2013 WL 5447152, at *1 (E.D.N.Y. Sep. 30, 2013) (the entry of default

judgment is "entrusted to the sound discretion of the court.") It remains Plaintiff's burden to demonstrate, to the satisfaction of the court, "that the uncontroverted facts establish each defendant's liability as a matter of law on each cause of action asserted." *Gustavia Home LLC v. Envtl. Control Bd.*, No. 18-cv-6485, 2019 WL 4359549, at *4 (E.D.N.Y. Aug. 21, 2019). In other words, "just because a party is in default, [it does not mean that] the plaintiff is [] entitled to a default judgment as a matter of right." *GuideOne Specialty Mut. Ins. Co. v. Rock Cmty. Church, Inc.*, 696 F. Supp. 2d 203, 208 (E.D.N.Y. 2010). This is because a default judgment is considered a "generally disfavored" remedy that must be supervised with "extreme care to avoid miscarriages of justice." *Id*. (internal citations and quotation marks omitted).

In evaluating a motion for default judgment, the "Court must ensure that (1) jurisdictional requirements are satisfied, (2) the plaintiff took all the required procedural steps in moving for default judgment, and (3) the plaintiff's allegations, when accepted as true, establish liability as a matter of law." *Jian Hua Li v. Chang Lung Grp. Inc.*, No. 16-cv-6722, 2020 WL 1694356, at *4 (E.D.N.Y. Apr. 7, 2020) (citations omitted).

**II.  Foreclosure**

"A plaintiff is entitled to foreclosure on a property if it demonstrates the existence of an obligation secured by a mortgage, and a default on that obligation." *Eastern Sav. Bank, FSB v. Beach*, No. 13-cv-341, 2014 WL 923151, at *15 (E.D.N.Y. March 10, 2014) (internal citations and quotation marks omitted).  Plaintiff satisfies this prima facie showing by presenting "the note, mortgage, and proof of default," as well as a certificate of merit pursuant to C.P.L.R. § 3012-b and other required documents, at which point "the mortgagee has a presumptive right to foreclose, which can only be overcome by an affirmative showing by the mortgagor."  *Regency Sav. Bank, F.S.B. v. Merritt Park Lands Associates*, 139 F. Supp. 2d 462, 465 - 66 (S.D.N.Y. 2001) (citing *First Nat'l Bank of Highland v. J&J Milano, Inc.*, 553 N.Y.S. 2d 448, 449 (2d Dep't 1990)).

## DISCUSSION

In the Instant Motion, Plaintiff alleges that Hope and Howard Ingber failed to make payments in accordance with the terms of the Note and Mortgage by failing to pay the installment due on June 1, 2015 and thereafter.  (Compl. ¶ 15.)  Plaintiff also alleges that Midland is a judgment creditor of the Subject Property and, therefore, maintains nominal liability.  (Compl. ¶ 5.)  Plaintiff seeks an entry of default judgment, a judgment of foreclosure and sale, damages in the amount of $87,590.08 or "an amount [] to be determined by the Court," inclusive of fees and

5

charges, and an order barring any subordinate interests in the Subject Property as to Midland and the John Doe and Jane Doe Defendants. (Compl. ¶ 18.) Plaintiff also contends that pursuant to the Note and Mortgage, Plaintiff is entitled to recover attorneys' fees. (Compl. ¶¶ 20, 22(b).)

On August 30, 2021, after the deadline for Defendants to appear or otherwise defend this action lapsed, the Clerk of Court entered a certificate of default against Hope and Howard Ingber and against Midland. (ECF Nos. 18-20.)

**I.   Notice**

   **A. RPAPL § 1304 Notice**

The Court must first address the threshold issue of statutory notice. Pursuant to RPAPL § 1304, Plaintiff must show that "at least ninety days before . . . commenc[ing] legal action against the borrower, or borrowers at the property address and any other address of record, including mortgage foreclosure, [plaintiff gave] notice to the borrower" and provided notice "by registered or certified mail and also by first-class mail to the last known address of the borrower[s], and to the residence that is the subject of the mortgage."

"Proper service of RPAPL § 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition." *CIT Bank N.A. v.*

6

*Schiffman*, 948 F.3d 529, 533 (2d Cir. 2020) (quoting *Deutsche Bank Nat. Tr. Co. v. Spanos*, 961 N.Y.S. 2d 200, 202 (2d Dep't 2013)). Plaintiff may establish compliance with RPAPL § 1304 by demonstrating "proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure." *Id.*

Plaintiff has provided documentation of pre-foreclosure notices which conform to the statutory notice requirement under RPAPL § 1304. Specifically, Plaintiff submitted affidavits of service. *See* (ECF No. 30-2). Defendants have not provided any evidence or made any arguments to rebut the presumption of service established by Plaintiff. Accordingly, the Court finds that Plaintiff has established compliance with RPAPL § 1304 for the purpose of the Instant Motion.

### B. RPAPL § 1306 Notice

RPAPL § 1306 requires that Plaintiff "file with the superintendent of financial services (superintendent) within three days of mailing the [RPAPL § 1304] notice . . . [a filing with] the name, address, [and] last known telephone number of the borrower," as well as "the amount claimed as due . . . and such other information as will enable the superintendent to

7

ascertain the type of loan at issue." Plaintiff has also satisfied this requirement, as evidenced by the New York State Department of Financial Services Proof of Filing Statements. (ECF No. 30-5.)

### II. Liability

#### A. Liability as to Defendants Hope and Howard Ingber

Plaintiff names Hope and Howard Ingber as Defendant-mortgagors in the Complaint. *See generally* (Compl.) As set forth previously, Plaintiff must show (1) a mortgage, (2) a note, and (3) proof of default in order to establish a defaulting mortgagor's liability. Here, Plaintiff has made the necessary showing. Plaintiff attaches a valid note and mortgage, as well as documentation of the modification of the loan by a Home Affordable Modification Agreement, respectively as Exhibits A, B, and C to the affidavit of Yonel Devico. (ECF Nos. 30-13, the "Devico Aff."; 30-14, the "Note"; 30-15, the "Mortgage"; 30-16, the "HAMA".) Additionally, Plaintiff provides proof of default in the form of notices of default and the affidavit of Yoni Light. (ECF Nos. 30-2, 30-4, 30-9.)

Upon establishment of the mortgage, note and proof of default, "the mortgagee has a 'presumptive right to collect.'" *OneWest Bank, NA v. Raghumath*, No. 14-cv-3310, 2015 WL 5772272, at *3 (E.D.N.Y. Sep. 8, 2015). Accordingly, Plaintiff has

8

established Hope Ingber's and Howard Ingber's liability as defaulting mortgagors.

### B. Nominal Liability as to Midland

Plaintiff also names Midland as a Defendant because Midland appears as a judgment creditor of the Subject Property. RPAPL § 1311 defines "the necessary parties to a mortgage foreclosure action" as including "[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff." To establish the liability of a non-mortgagor Defendant, Plaintiff must demonstrate that any judgment against the mortgagor-defendants in favor of the non-mortgagor defendant is subordinate to the plaintiff's lien against the Subject Property. *Courchevel 11850 LLC v. Rodriguez*, No. 17-cv-6311, 2019 WL 2233828, at *7 (E.D.N.Y. May 22, 2019).

Plaintiff's Complaint contains well-pleaded allegations of nominal liability against Midland, and Plaintiff attaches, as Exhibit F to the declaration of Shauna Deluca, a judgment against Howard Ingber, in favor of Defendant Midland. (Compl. ¶ 5, ECF No. 30-6.) *See E. Sav. Bank, FSB v. Robinson et al.*, No. 13-cv-7308, 2016 WL 3365091, at *4 (E.D.N.Y. May 9, 2016) ("[b]ecause Plaintiff's well-pleaded allegations establish that any judgments that the Defaulting Defendants have against the [mortgagor-Defendants], if liens on the Subject Property, are

9

subordinate to the Mortgage, Plaintiff has established the Defaulting Defendants' nominal liability.")  Accordingly, Plaintiff has sufficiently established that Defendant Midland is a non-mortgagor Defendant with nominal liability.

### C. John Doe and Jane Doe Defendants

Plaintiff identifies the John Doe and Jane Doe Defendants as any parties having or claiming an interest in, or lien upon, the Subject Property.  Because Plaintiff has failed to identify and serve these Defendants within 120 days of filing the Complaint, dismissal of the Complaint against these Defendants is proper under Fed. R. Civ. P. 4(m).  Plaintiff's claims against the John Doe and Jane Doe Defendants are, accordingly, dismissed.

### III. Damages

In considering a motion for default judgment, the Court must ascertain damages with reasonable certainty." *Bendo v. Bautista*, No. 12-cv-5367, 2017 WL 4179854, at *3 (E.D.N.Y. Aug. 30, 2017).  Plaintiff must demonstrate that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Reality Corp.*, 973 F.2d 155, 159 (2d Cir. 1992). Plaintiff may establish damages through detailed affidavits and other documentary evidence.  *Id*.

10

Plaintiff seeks to recover damages encompassing the unpaid principal balance of $63,527.39, and the interest that accrued as of the September 21, 2022 date of the Instant Motion, $24,062.69.

### A. Principal

The Note and Mortgage provide that Defendants Hope and Howard Inger agreed to pay Plaintiff a principal sum of $69,000.00.  *See generally* (Note at 1; Mortgage at 2.)  As of June 1, 2015, the unpaid principal under the Note was $63,527.39.  (Devico Aff. ¶ 9.)

### B. Interest

The terms of the Note also provide for interest accrual on the principal balance at an annual rate of 4.99%.  *See* (Note ¶ 5.)  Plaintiff provides documentary evidence that Defendants Hope and Howard Ingber failed to make the required payment on June 1, 2015, and that they have failed to make any payments thereafter.  As of the date of the Instant Motion, the past due interest totaled $18,696.64.  (Devico Aff. ¶ 10.)  According to the Home Affordable Modification Agreement, the interest rate for the time period between June 1, 2015 and December 1, 2016, was 1.0% annually, which amounts to a daily rate of $1.76 for the first 570 days of the loan term and a total of $1,003.20 in unpaid interest for that time period.  For the next 360 days (January 1, 2017 – December 31, 2017), the interest rate of 4.0%

11

amounted to a per diem interest amount of $7.06, and a total interest payment of $2,541.60. Thereafter, the interest rate was 5%. Applying the Notes' 5% annual interest rate as of January 1, 2018, interest accrued at a rate of $8.82 per day. As of September 29, 2023, the date of this Order, Defendants Hope and Howard Inbger have failed to pay 2,096 days of accrued interest since January 1, 2018, which amounts to $18,486.72. *See West Coast 2014-7, LLC v. Chandipersaud*, et al., No. 21-cv-4314, 2022 WL 4586116, at *6 (E.D.N.Y. Jul. 1, 2022) ("Plaintiff [shall] be awarded per [diem] interest until the date on which judgment is entered"), *report and recommendation adopted*, No. 21-cv-4314, 2022 WL 4586357 (E.D.N.Y. Sep. 29, 2022). In addition to the $1,003.20 that accounts for interest during the first 570 days of the loan term, the $2,541.60 in interest that accounts for the next 360 days of the loan term, and the $18,486,72 that accounts for the last 2,096 days of the loan term, Plaintiff shall be awarded $8.82 per day in interest until the date on which judgement is entered.

In accordance with 28 U.S.C. § 1961(a), Plaintiff shall also be awarded post-judgement interest, which is calculated based on the weekly average one-year constant maturity Treasury yield for the week preceding the date on which judgment is entered. *See Schipani v. McLeod*, 541 F.3d 158, 165 (2d Cir. 2008) ("post judgment interest is governed by federal statute.

12

28 U.S.C. § 1961 (a) . . . we have consistently held that an award of post judgment interest is mandatory.")

### C. Attorneys' Fees

Plaintiff seeks to recover attorney's fees, which Plaintiff notes is provided for in the terms of the Note and Mortgage. (Compl. ¶ 20). New York state law governs the substantive right to attorneys' fees in a foreclosure action. *Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*, 418 F.3d 168, 177 (2d Cir. 2005) ("[s]tate law creates the substantive right to attorney's fees"). Under New York law, attorneys' fees may only be awarded "under a valid contractual authorization." *Id*.

Although the Court finds that the Note unequivocally authorizes such fees, Plaintiff's failure to provide adequate documentation and specify the amount of attorneys' fees requested leaves the Court without a sufficient basis to determine the proper amount. As such, the Court denies Plaintiff's request for attorney's fees without prejudice and with leave to renew within thirty (30) days, upon submission of the appropriate supporting documents. *See West Coast 2014-7*, 2022 WL 4586116, at *6 ("Plaintiff does not specify the amount of attorney's fees requested, nor does [Plaintiff] provide any bills . . . the Court recommends that Plaintiff's application for attorney's fees be denied without prejudice[.]")

### IV. Judgment of Foreclosure and Sale

13

Finally, because Plaintiff has established its presumptive right to foreclose upon the Subject Property, Plaintiff is also entitled to an order of foreclosure and sale. *See CIT Bank, N.A. v. Paganos*, No. 14-cv-3987, 2016 WL 3945343, at * 1 (E.D.N.Y. Jul. 19, 2016) ("plaintiff is entitled to foreclosure on a property it demonstrates the existence of an obligation secured by a mortgage, and a default on that obligation") (internal citation omitted). In addition, the proceeds of the sale shall be applied to the total amount owed on the Note as set forth above. *See OneWest Bank, N.A. v. Denham*, No. 14-cv-5529, 2015 WL 5562980, at *14 (Aug. 31, 2015) (recommending a foreclosure and sale with the proceeds being applied to the outstanding amount owed on the note).

Plaintiff, however, has failed to identify a referee for the foreclosure and sale. Plaintiff may not designate Magistrate Judge Lindsey as a referee. The Court directs Plaintiff to submit a revised proposed judgement of foreclosure and sale and a letter via ECF that identifies an appropriate referee within seven (7) days of this Memorandum and Order.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for default judgment is **GRANTED** in part and **DENIED** in part.

Plaintiff is entitled to the principal balance of $63,527.39 and interest, as of the date Judgment is entered, to

14

be calculated by the Clerk of Court, as well as post-judgment interest at the rate set forth in 28 U.S.C. § 1961(a), from the date judgment is entered until the date of payment, also to be calculated by the Clerk of Court.

Plaintiff is directed to submit a letter via ECF within seven (7) days of this Order, proposing an appropriate referee, as well as a revised proposed judgment of foreclosure.

The Court denies Plaintiff's request for attorneys' fees with leave to renew within thirty (30) days, upon submission of the appropriate supporting documents.

The Clerk of the Court is respectfully directed to enter judgment in accordance with this Memorandum and Order. Plaintiff is ordered to serve a copy of this Memorandum and Order and the Judgement on all Defendants and file declarations of service for each Defendant within two (2) days after the Clerk of Court enters judgment.

**SO ORDERED.**

Dated: September 29, 2023
       Brooklyn, New York

                                                    _____
                                                    KIYO A. MATSUMOTO
                                                    United States District Judge
                                                    Eastern District of New York